UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRIANA WATERS,<br><br>Defendant. | Case No. 13-cr-00725-JST-1<br><br>**ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE**<br><br>Re: ECF No. 4 |

Defendant Briana Waters' motion for early termination of her supervised release is now before the Court. ECF No. 4. The United States and the Probation Office both oppose it. For the reasons set forth below, the Court will deny the motion.

In 2011, Waters was convicted of arson, 18 U.S.C. § 844(i); using a destructive device during a crime of violence, 18 U.S.C. § 924(c); possessing an unregistered firearm, 26 U.S.C. § 5861(d); and conspiracy, 18 U.S.C. § 371. The facts leading up to these convictions are that in May 2001, Waters drove with three other persons to University of Washington, where they placed an incendiary device in the office of Professor Toby Bradshaw. United States v. Waters, Case No. 05-cr-5828-RBL, ECF No. 512 (Plea Agreement) at 6 (W.D. Wash. June 18, 2012). Defendant acted as a lookout while her co-conspirators placed and activated the device. Id. The resulting fire destroyed not only Professor Bradshaw's office, but the entire building. Id. Four months later, Waters and others in her group committed another arson at the Litchfield Wild Burro and Horse Corrals in Susanville, California. Id. at 7.

Waters originally went to trial in 2008, and falsely denied any involvement in the University of Washington fire. Id. After a conviction which was subsequently reversed, she pled guilty to the crimes listed above. In her sentencing memorandum to the Washington district court,

Waters acknowledged that her arson crimes posed a significant threat to the physical safety of other people. Waters, supra, ECF No. 549 at 4 ("She is an intelligent person with an understanding that fire is dangerous, both to possible occupants of the buildings and to the fire fighters.").

The district court sentenced her to 48 months custody and three years of supervised release, and ordered her to pay $6,092,649.95 in restitution. The projected termination date for her supervised release is June 26, 2016, approximately nine months hence.

In deciding a motion for early termination of supervised release, the Court looks to 18 U.S.C. § 3583(e). That statute provides that, after considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a),[1] a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Id. § 3583(e)(1). "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). "It is defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." Id. at 824.

Generally, the Court will exercise its discretion to terminate supervision early only when the defendant has demonstrated changed circumstances, such as "exceptionally good behavior." United States v. Grossi, No. CR-04-40127 DLJ, 2011 WL 704364, at *2 (N.D. Cal. Feb. 18, 2011); United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). Mere compliance with the terms of supervised release does not meet this standard, because the Court can reasonably expect such compliance in all cases. Id. The Court may also consider whether continued supervised release imposes an undue burden on the defendant. E.g., United States v. Sabatino, No. 5:02-CR-20067

---

[1] The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

JF, 2014 WL 6847779, at *3 (N.D. Cal. Dec. 3, 2014); United States v. Rasco, No. 88 CR 817 CSH, 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

In her application, Waters argues that she "has shown exemplary post-conviction adjustment and conduct while on supervision during the last two years," and that she "has fully complied with the terms of supervision and each and every requirement imposed." ECF No. 4 at 4. As previously noted, however, mere compliance with the conditions of supervised release does not justify early termination. See also United States v. Carter, No. CR 10-0363 SBA, 2013 WL 2255875, at *2 (N.D. Cal. May 22, 2013); United States v. Bauer, No. 5:09-CR-00980 EJD, 2012 WL 1259251, at *2 (N.D. Cal. Apr. 13, 2012).

Waters' motion also states that "[s]he has had to turn down work and has not been able to join ensembles and musical projects due to travel restrictions." ECF No. 4 at 3. One of the letters attached to her motion makes the same claim. ECF No. 4-5 at 2. But significantly, the motion is not supported by a statement from Waters herself – the only person with first-hand knowledge of her own travel needs.[2] And the Probation Office states without contradiction that it has never denied Waters the ability to travel during her period of supervision. It also bears noting that another court in this district has denied a request for early termination on similar facts. United States v. Grossi, No. CR-04-40127 DLJ, 2011 WL 704364, at *1 (N.D. Cal. Feb. 18, 2011).

Since her release from custody, Waters has done an admirable job of rebuilding her relationship with her ten-year-old daughter and establishing a career as a violin instructor and professional musician. See also ECF No. 2. The Court does not mean here to diminish those accomplishments. The Court finds, however, that defendant has not met her burden to

///
///
///
///
///

---

[2] The factual assertions in the motion are supported only by a declaration from counsel. ECF No. 4-4.

1  demonstrate that her conduct and the interests of justice justify the early termination of her
2  supervised release.
3    The motion is denied.
4    IT IS SO ORDERED.
5  Dated:  October 2, 2015

_____
JON S. TIGAR
United States District Judge